## TITLE INS. & TRUST CO. *v.* HOME TELEPHONE CO.

(152 Pac. 873.)

**Appeal and Error — Questions Reviewable on Motion to Dismiss Appeal.**

1. The appellate court will not investigate the merits of a case upon a motion to dismiss the appeal.

From Multnomah: WILLIAM N. GATENS, Judge.

ON MOTION TO DISMISS.

In Banc.    Statement by MR. JUSTICE BENSON.

The Title Insurance & Trust Company, a corporation, brought suit to foreclose a mortgage given by the Northwestern Long-Distance Telephone Company, in which the Home Telephone Company of Portland, Oregon, and others intervened.    There was a decree granting relief to plaintiff, and it appeals.    On motion of the Northwestern Long-Distance Telephone Company to dismiss the appeal in so far as it applies to that portion of the decree which is in conformity with the allegations and prayer of the complaint.

DENIED.    DISMISSED ON STIPULATION.

*Messrs. Fulton & Bowerman* and *Mr. Hollis S. Wilson,* for the motion.

*Messrs. Fenton, Dey, Hampson & Henton, contra.*

*Mr. Richard W. Montague,* for interveners.

MR. JUSTICE BENSON delivered the opinion of the court.

1. This is a suit to foreclose a certain trust deed or mortgage given by the defendant, Northwestern Long-Distance Telephone Company, to plaintiff, Title Insurance & Trust Company.    There are a number of parties besides those named, and from the bulk and extent of the abstract of record it would seem that many issues were considered by the trial court, and it may well be that, while the prayer of plaintiff's complaint was granted, there were other elements of the decree closely related to the relief sought which might make the result unwelcome, and possibly unjust.    This court cannot in-

vestigate the merits of the case upon a motion to dismiss the appeal. The case of *Hume* v. *Turner*, 42 Or. 202 (50 Pac. 611); is hardly in point, for the reason that that appeal was dismissed after a hearing upon the merits when the appellant had admitted that the decree gave him all that he wanted, except that the court had not based its decision upon a legal doctrine which he sought to establish.

The motion to dismiss will be denied.

MOTION DENIED.

(NOTE: Appeal dismissed on stipulation February 14, 1916.—REPORTER.)